1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHA PRAKASH JONES and GEORGE RENDZIPERIS,<br><br>          Plaintiffs,<br><br>    v.<br><br>MORRIS + D'ANGELO, STEVEN J. GELLER, DANIEL DUANE MORRIS, and PATRICK D'ANGELO,<br><br>          Defendants. | Case Nos.  5:23-cv-05830-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>[RE:  ECF 26] |

Plaintiffs Richa Prakash Jones ("Ms. Prakash Jones") and George Rendziperis ("Mr. Rendziperis") allege that their former employer, Defendant Morris + D'Angelo ("M+D"), failed to pay full wages, benefits and bonuses owed, in breach of Plaintiffs' respective employment contracts and in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  *See generally* Compl., ECF 1.  Plaintiffs sue Defendants M+D and its general partners Steven J. Geller ("Mr. Geller"), Daniel Duane Morris ("Mr. Morris"), and Patrick D'Angelo ("Mr. D'Angelo").  *See id.*  All Defendants have defaulted.  *See* Clerk's Notice, ECF 22.

Plaintiffs move for default judgment against all Defendants.  *See* Mot. for Default Judgment, ECF 26.  After reviewing the motion, the Court requested and received a supplemental brief from Plaintiffs.  *See* Suppl. Br., ECF 34.  The Court finds the motion suitable for decision without oral argument.  *See* Civ. L.R. 7-1(b).

The motion for default judgment is GRANTED IN PART AND DENIED IN PART.

<div style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

United States District Court
Northern District of California

## I.   BACKGROUND[1]

Plaintiffs worked as remote salaried employees of M+D, a CPA firm and general partnership located in San Jose, California.  Compl. ¶¶ 19-22.  Mr. Geller, Mr. Morris and Mr. D'Angelo are general partners in M+D.  *Id.*  Mr. Geller and Mr. D'Angelo reside in California, and Mr. Morris resides in Oregon.  *Id.* ¶¶ 20-22.  Plaintiffs entered into written employment contracts with M+D that provided for annual compensation plus bonuses and benefits, including health insurance.  *Id.* ¶¶ 5, 10.  Plaintiffs claim that M+D paid them only partial wages starting June 21, 2023, and stopped paying them altogether on August 21, 2023, *id.* ¶¶ 28, 30; stopped paying for their health insurance in June 2023, *id.*; and failed to reimburse them for work-related expenses, *id.* ¶¶ 7, 11, 76-77, 102-104; Prakash Jones Decl. ¶¶ 25-29, ECF 26-1; Rendziperis Decl. ¶ 30-33, ECF 26-3.  Ms. Prakash Jones claims she worked 43 overtime hours between August 12, 2023 and September, 15, 2023, but received no wages during that period.  Prakash Jones Decl. ¶¶ 35-36.

Plaintiffs continued to work without pay and benefits because Defendants promised to correct compensation deficiencies, restart employee health insurance benefits, reimburse employees for COBRA and out-of-pocket expenses, and give additional bonuses.  Compl. ¶¶ 32-33, 37, 97, 161; Prakash Jones Decl. ¶¶ 7, 17-18, 20, 26-27, 32 & Exs. C-H; Rendziperis Decl. ¶¶ 14-15, 20-23 & Exs. B-F.  Defendants failed to keep those promises, and Plaintiffs resigned in late 2023.  Compl. ¶¶ 4, 111; Prakash Jones Decl. ¶ 38; Rendziperis Decl. ¶ 9.

Plaintiffs filed the complaint in this action on November 13, 2023, asserting the following claims:  (1) breach of contract (Ms. Prakash Jones); (2) breach of contract (Mr. Rendziperis); (3) failure to pay minimum wages in violation of the FLSA; (4) failure to pay overtime wages in violation of the FLSA; (5) promissory estoppel; (6) quantum meruit; and (7) unjust enrichment.  All Defendants executed waivers of summons between November 2023 and December 2023.  *See* Waivers, ECF 9, 10, 11, 12.  However, Defendants never responded to the complaint.  The Clerk entered default against all Defendants on February 9, 2024.  *See* Clerk's Notice, ECF 22.

---

[1] The Background section is drawn from the factual allegations of the complaint, which are accepted as true with the exception of allegations related to damages, and from the uncontroverted evidence submitted by Plaintiffs.

1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought.  Fed. R. Civ. P. 55(a).  After entry of default, a court may, in its discretion, enter default judgment.  Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, a court should consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those related to damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

## III.   DISCUSSION

Plaintiffs seek default judgment against Defendants only on their claims for breach of contract (Claims 1 and 2) and their claims under the FLSA (Claims 3 and 4).  Plaintiffs do not seek default judgment on their equitable claims for promissory estoppel (Claim 5), quantum meruit (Claim 6), and unjust enrichment (Claim 7), which will be dismissed without prejudice.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court discusses in turn subject matter jurisdiction, personal jurisdiction, service of process, the *Eitel* factors, and the requested relief.

### A.    Subject Matter Jurisdiction

The Court has federal question jurisdiction over Claims 3 and 4 for violations of the FLSA, because those claims are brought under a federal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The Court has supplemental jurisdiction over Claims 1 and 2, asserted under state law, because those claims arise out of the same facts underlying the FLSA claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").[2]

### B.    Personal Jurisdiction

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Id*. at 118. M+D is not a corporation – it is a general partnership. The Court nonetheless may look to M+D's principal place of business to determine whether it is subject to general personal jurisdiction, because "[g]enerally, courts apply *Daimler* to non-corporate business entities[.]" *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1139 n.14 (S.D. Cal. 2018). M+D maintains its principal place of business in San Jose, California. Compl. ¶ 19. The Court therefore has general personal jurisdiction over M+D.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Mr. Geller and Mr. D'Angelo are citizens of and reside in California. Compl. ¶¶ 20, 22. Accordingly, the Court has general jurisdiction over them.

Mr. Morris is a citizen of and resides in Oregon. Compl. ¶ 21. Consequently, there does not appear to be any basis to exercise general personal jurisdiction over him. However, Mr.

---

[2] Having concluded that it has supplemental jurisdiction over Claims 1 and 2, the Court need not address Plaintiffs' assertion that the Court also has diversity jurisdiction over those claims.

United States District Court
Northern District of California

Morris has sufficient minimum contacts with California to give rise to specific personal jurisdiction, because he is a general partner in California-based M+D and Plaintiffs' claims against him arise from his conduct on behalf of and relating to M+D.  For example, Mr. Morris acted on behalf of M+D in promising Plaintiffs that they would receive make-up pay and bonuses.  *See id.* ¶¶ 29, 32-33.  The Court finds on this record that Mr. Morris is subject to specific personal jurisdiction because he purposefully directed his activity to California and availed himself of the privilege of conducting business in California, Plaintiffs' claims arise out of those forum-related activities, and exercise of personal jurisdiction over Mr. Morris is reasonable.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth requirements for specific personal jurisdiction).

**C.    Service Of Process**

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).  Here, service was adequate because all Defendants executed waivers of service of process.  *See* Waivers, ECF 9, 10, 11, 12.

**D.    *Eitel* Factors**

Next, the Court considers whether default judgment is warranted under the *Eitel* factors.

**1.    Factor 1 – Possibility of Prejudice**

Under the first *Eitel* factor, the Court finds that Plaintiffs would be prejudiced without a default judgment against the Defendants.  Because Defendants did not respond to the complaint, Plaintiffs' only recourse is default judgment.  *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct").  The first factor weighs in favor of granting default judgment.

**2.    Factors 2 and 3 – Merits and Sufficiency of Claims**

The second and third *Eitel* factors address the merits and sufficiency of Plaintiffs' claims.  Courts often analyze these two factors together.  *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F.

1   Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's

2   substantive claims and the sufficiency of the complaint are often analyzed together.").  "[T]he

3   general rule is that well-pled allegations in the complaint regarding liability are deemed true."

4   *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

5   <div align="center">**a.   Ms. Prakash Jones**</div>

6        Ms. Prakash Jones seeks default judgment on Claim 1 for breach of contract, Claim 3 for

7   failure to pay minimum wages under the FLSA, and Claim 4 for failure to pay overtime wages

8   under the FLSA.  The Court discusses those claims in turn.

9   <div align="center">**i.   Contract Claim (Claim 1)**</div>

10        The Court first evaluates the merits and sufficiency of Ms. Prakash Jones' contract claim

11   (Claim 1), the elements of which are: "(1) the contract, (2) plaintiff's performance or excuse for

12   nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Reichert v.*

13   *Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).  Those elements are easily satisfied with respect

14   to Defendant M+D.  Ms. Prakash Jones alleges that she entered into a written employment

15   contract with M+D to become its Managing Director in exchange for annual compensation of

16   $225,000, in the form of semi-monthly salary payments of $9,375.00.  Compl. ¶¶ 57, 61-62 & Ex.

17   1.  She was also to be provided a full range of benefits including medical, dental and vision

18   insurance under this employment contract.  *Id*. ¶ 34.  Ms. Prakash Jones performed her obligations

19   under the written contract.  *Id.* ¶ 64.  Ms. Prakash Jones also entered into an oral contract with

20   M+D, under which M+D agreed to pay bonuses to employees who stayed.  *Id.* ¶ 70-71.  Ms.

21   Prakash Jones remained in her position even after M+D failed to pay her, and thus performed her

22   obligations under the oral contract.  M+D breached both contracts by failing to pay Ms. Prakash

23   Jones's salary, health insurance, bonus, and work expenses.  *Id.* ¶¶ 35, 65-66, 72, 74, 76-77.  Ms.

24   Prakash Jones suffered damages as result of M+D's breaches.  *Id.* ¶ 79.

25        With respect to Defendants Geller, Morris, and D'Angelo, the complaint alleges they are

26   general partners in M+D.  Compl. ¶ 3.  Except in certain circumstances not present here, "all

27   partners are liable jointly and severally for all obligations of the partnership."  Cal. Corp. Code §

28   16306(a).  "[A]n action may be brought against the partnership and any or all of the partners in the

<div align="center">6</div>

same action or in separate actions." Cal. Corp. Code § 16307(b).  Thus, Ms. Prakash Jones'

contract claim properly may be asserted against both M+D and its general partners, Mr. Geller,

Mr. Morris and Mr. D'Angelo.  *See Pension Plan for Pension Tr. Fund for Operating Engineers v.

J & K Sweeping*, No. C 14-1179 CW, 2014 WL 4626008, at *6 (N.D. Cal. Sept. 15, 2014)

(entering default judgment against both general partnership employer and general partner).

While the factual allegations of the complaint are sufficient to establish Ms. Prakash Jones'

entitlement to default judgment, she supplements those allegations with evidence including her

declaration, her employment contract, and emails.  *See* Prakash Jones Decl. ¶¶ 1-33 & Exs. A-H.

The Court finds that Ms. Prakash Jones has established the merits and sufficiency of her

claim for breach of contract (Claim 1).

### ii.     FLSA Minimum Wage Claim (Claim 3)

Next, the Court evaluates the merits and sufficiency of Ms. Prakash Jones' FLSA

minimum wage claim (Claim 3).  The complaint makes clear that this minimum wage claim is

pled only in the alternative to her claim for breach of contract.  *See* Compl. ¶ 138 ("In the

alternative to their claims for breach of contract. . . .")  Ms. Prakash Jones does not seek an award

of minimum wages in the present motion, but instead seeks contract damages including unpaid

salary and bonuses.  *See* Mot. for Default Judgment at 23-24 (identifying the damages sought by

Ms. Prakash Jones); Suppl. Brief at 3 ("Plaintiffs do not seek damages for minimum wage

violations.").

Under these circumstances, and having determined that Ms. Prakash Jones has established

the merits and sufficiency of her claim for breach of contract, the Court finds that she has not

established the merits and sufficiency of her alternative claim for minimum wages under the FLSA

(Claim 3).

### iii.    FLSA Overtime Wage Claim (Claim 4)

Ms. Prakash Jones seeks overtime wages under the FLSA (Claim 4) in addition to contract

damages.  "To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must

establish three elements: (1) she was an employee of Defendants, (2) she was covered under the

FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages."  *Smith v. Nov.*

United States District Court
Northern District of California

*Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

The first and third elements clearly are satisfied here.  With respect to the first element, Ms. Prakash Jones was an employee of M+D pursuant to a written employment contract.  Compl. ¶¶ 57, 80; Prakash Jones Decl. ¶¶ 2-5.  She also was an employee of Mr. Geller, Mr. Morris and Mr. D'Angelo under the FLSA expansive definition of employer.  *See Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999).  "Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability."  *Id.* at 1012 (internal quotation marks and citation omitted).  Here, the complaint alleges that each of the individual Defendants was an employer of Ms. Prakash Jones within the meaning of the FLSA. Compl. ¶¶ 26, 41, 47, 53.  With respect to the third element, Ms. Prakash Jones states in her declaration that she worked 43 overtime hours during the period August 7, 2023 through September 15, 2023, during which time she was not paid overtime wages or indeed any wages at all.  *See* Prakash Jones Decl. ¶¶ 35-36.

The second element, coverage under the FLSA, requires a bit more discussion.  An employee is covered under the FLSA if the employee "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).  Where this commerce requirement is met, "employers are required to compensate their employees at a rate of at least time and one-half for all hours worked in excess of forty per week, *see* 29 U.S.C. § 207(a)(1), *unless the employee works in an 'executive, administrative, or professional capacity,'* 29 U.S.C. § 213(a)(1)."  *Paresi v. City of Portland*, 182 F.3d 665, 667 (9th Cir. 1999) (emphasis added).  "To be an executive, administrator or professional, and therefore exempt from overtime, an employee must work on a salary basis."  *Id*. (quotation marks and citation omitted).  Even where an employee has a position that is overtime-exempt, "[i]f an employer subjects a salaried employee to an impermissible reduction in his weekly pay, the employee ceases to be overtime-exempt."  *Id*. at 667-68.  "The employer will then have to pay overtime unless the employer corrects the impermissible deduction[.]"  *Id*. at 668.  Moreover, employers who fail to pay required overtime are liable for

United States District Court
Northern District of California

1  damages in the amount of the unpaid overtime plus an additional equal amount as liquidated

2  damages.  *See* 29 U.S.C. § 216(b).

3       Ms. Prakash Jones alleges that she is covered under the FLSA because M+D's employees

4  engage in commerce within the meaning of the statute.  *See* Compl. ¶ 26.  She acknowledges that

5  she was employed in a position that falls within the statutory exemption for overtime pay:  her

6  employment contract defined her position as "a Managing Director, Salaried-Exempt Position that

7  is not eligible for overtime pay as a professional position," and provided for annual base salary of

8  $225,000.  Prakash Jones Decl. Ex. A.  However, Ms. Prakash Jones argues that she ceased to be

9  overtime-exempt when M+D stopped paying her salary.  She states in her declaration that she was

10 not paid at all during the period August 7, 2023 through September 15, 2023.  *See* Prakash Jones

11 Decl. ¶¶ 35-36.  Ms. Prakash Jones argues that as a result of M+D's impermissible reductions to

12 her pay, she is eligible for overtime during that period.

13       The Court finds that Ms. Prakash Jones is entitled to overtime pay for the period August 7,

14 2023 through September 15, 2023, because M+D made impermissible reductions to her pay during

15 that period and did not correct the impermissible reductions.  As discussed above, an employee

16 who ceases to be overtime-exempt is entitled to overtime pay for all hours worked in excess of a

17 40-hour work week.  In the motion for default judgment, Ms. Prakash Jones requests overtime pay

18 of time and a half for 43 hours that she worked in excess of a 40-hour work week during the

19 period August 7, 2023 through September 15, 2023.  The Court requested supplemental briefing

20 on certain issues, including whether an award of both contract damages and FLSA damages would

21 result in a double recovery.  In the supplemental brief, Ms. Prakash Jones acknowledges that she

22 was expected to work 45 hours per week in her salaried position and that she is seeking to recover

23 both her full salary and overtime pay for the period August 7, 2023 through September 15, 2023.

24 She offers two methods for calculating an appropriate award of overtime pay.

25       First, Ms. Prakash Jones asserts that the Court may award time and a half pay for the entire

26 43 hours she worked in excess of a 40-hour work week, notwithstanding the fact that her salary –

27 which she will recover as contract damages – compensates her for a 45-hour work week.  Under

28 that method, Ms. Prakash would recover $6,977.16 in overtime pay and an additional $6,977.16 as

United States District Court
Northern District of California

liquidated damages.  *See* Suppl. Br. at 1.  The cases cited by Ms. Prakash Jones in support of this approach construe provisions of the FLSA governing payment of employees for irregular work weeks and piecemeal work, and do not appear to be applicable here.  *See Brennan v. Elmer's Disposal Service*, 510 F.2d 84 (9th Cir. 1975); *Hodgson v. Elm Hill Means of Kentucky, Inc.*, 327 F. Supp. 1009 (E.D. Kentucky 1971).  Those cases do not address the potential double recovery that concerns this Court.

Ms. Prakash Jones proposes an alternative method for calculating overtime pay that includes an offset to account for contract damages that will be awarded for hours she worked in excess of 40 hours but less than 45 hours in a work week.  Recognizing that contract damages will compensate her for those hours at her regular rate of pay, Ms. Prakash Jones asks for a statutory overtime premium of one-half the regular rate of pay for those hours and full statutory overtime pay of time and a half for any hours worked in excess of 45 hours in a work week.  The Court finds this approach to be reasonable.  Using this method to calculate overtime pay, Ms. Prakash Jones is entitled to recover $4,489.18 in overtime pay and an additional $4,489.18 in liquidated damages, for a total recovery of $8,978.36 under the FLSA.

The Court finds that Ms. Prakash Jones has established the merits and sufficiency of her claim for overtime wages under the FLSA (Claim 4).

### b.      Mr. Rendziperis

Mr. Rendziperis seeks default judgment on Claim 2 for breach of contract and Claim 3 for failure to pay minimum wages under the FLSA.  Although the complaint names Mr. Rendziperis as a plaintiff in Claim 4 for failure to pay overtime wages under the FLSA, he does not seek default judgment on the that claim.

### i.      Contract Claim (Claim 2)

The Court first addresses Mr. Rendziperis' contract claim (Claim 2), restating the elements of that claim for ease of discussion:  "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Reichert*, 68 Cal. 2d at 830.  Mr. Rendziperis satisfies those elements here.

Mr. Rendziperis alleges that he entered into a written employment contract with M+D to

United States District Court
Northern District of California

become Managing Director of M+D in exchange for annual compensation of $350,000, in the form of semi-monthly salary payments of $10,416.67. *Comp*l. ¶¶ 80, 84 & Ex. 2. He was also to be provided a full range of benefits including medical, dental and vision insurance under his employment contract. *Id.* ¶ 34. Mr. Rendziperis performed his obligations under the contract. *Id.* ¶ 87. Mr. Rendziperis also entered into an oral contract with M+D, under which M+D agreed to pay bonuses to employees who stayed. *Id.* ¶ 97-98. Mr. Rendziperis remained in his position even after M+D failed to pay him, and thus performed his obligations under the oral contract. M+D breached both contracts by failing to pay Mr. Rendziperis' salary, health insurance, bonus, and work expenses *Id.* ¶¶ 35, 66, 72, 87-90, 94-95, 100-101. Mr. Rendziperis suffered damages as a result of the breaches. *Id.* ¶106. Each of the individual Defendants is a general partner in M+D. *Id.* ¶¶ 81-83. Thus, Mr. Geller, Mr. Morris and Mr. D'Angelo, "are liable jointly and severally for all obligations of the partnership." Cal. Corp. Code § 16306(a).

The Court finds that Mr. Rendziperis has established the merits and sufficiency of his claim for breach of contract (Claim 2).

### ii.     FLSA Minimum Wage Claim (Claim 3)

The Court next takes up Mr. Rendziperis' FLSA claim for failure to pay minimum wages (Claim 3). As noted above, the minimum wage claim is pled only in the alternative to the claim for breach of contract. *See* Compl. ¶ 138. Mr. Rendziperis does not seek an award of minimum wages in the present motion, instead seeking contract damages such as unpaid salary and bonuses. *See* Mot. for Default Judgment at 24-25 (identifying the damages sought by Mr. Rendziperis); Suppl. Brief at 3 ("Plaintiffs do not seek damages for minimum wage violations.").

Under these circumstances, and having determined that Mr. Rendziperis has established the merits and sufficiency of his claim for breach of contract, the Court finds that he has not established the merits and sufficiency of his alternative claim for minimum wages under the FLSA (Claim 3).

### c.     Conclusion Re Factors 2 and 3

The Court concludes that Ms. Prakash Jones has established the merits and sufficiency of Claim 1 for breach of contract and Claim 4 for overtime wages under the FLSA, and that Mr.

1    Rendziperis has established the merits and sufficiency of Claim 2 for breach of contract.  Neither

2    Plaintiff has established the merits and sufficiency of Claim 3 for minimum wages under the

3    FLSA.  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most

4    important."  *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962

5    (N.D. Cal. 2019) (internal quotation marks and citation omitted).  Thus, the Court finds that the

6    second and third *Eitel* factors strongly favor default judgment for Plaintiffs on Claims 1 and 4 with

7    respect to Ms. Prakash Jones and Claim 2 with respect to Mr. Rendziperis, but do not favor default

8    judgment for either Plaintiff on Claim 3.

9             **3.       Factor 4 – Sum of Money at Stake**

10           Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in

11   relation to the seriousness of the Defendants' conduct.  "Default judgment is disfavored where the

12   sum of money at stake is too large or unreasonable in light of defendant's actions."  *Love v.*

13   *Griffin*, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018), *report and*

14   *recommendation adopted*, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018).

15           Ms. Prakash Jones seeks contract damages in the amount of $224,499.72, comprising:

16   (1) unpaid salary in the amount of $72,934.25, (2) unpaid bonuses in the amount of $141,562.50,

17   (3) healthcare reimbursements in the amount of $9,863.97, and expense reimbursements in the

18   amount of $139.00.  She also seeks damages under the FLSA in the amount of $8,978.36,

19   comprising (1) $4,489.18 in overtime pay and (2) an additional $4,489.18 in liquidated damages.

20           Mr. Rendziperis seeks contract damages in the amount of  $303,809.27, comprising:

21   (1) unpaid salary in the amount of $200,795.36; (2) unpaid bonuses in the amount of $135,416.71;

22   and (3) healthcare and expense reimbursements in the amount of $17,597.20; less (4) a

23   deduction/credit for a one-time payment of $50,000 received from M+D.

24           In the Court's view, the damages sought by Plaintiffs are not too large or unreasonable in

25   light of Defendants' alleged blatant breach of Plaintiffs' employment contracts.  The fourth *Eitel*

26   factor favors default judgment.

27           **4.       Factor 5 – Possibility of Dispute**

28           Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute

United States District Court
Northern District of California

over any material fact. *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13. Because Defendants have not appeared, they are not entitled to dispute the facts established by Plaintiffs. This factor favors default judgment.

### 5.    Factor 6 – Reason for Default

Under the sixth *Eitel* Factor, the Court considers whether the default was due to excusable neglect. There is no indication on this record that the Defendants' failure to respond to this action was due to excusable neglect. This factor favors default judgment.

### 6.    Factor 7 – Policy Favoring Decision on the Merits

The seventh *Eitel* factor, which is the strong policy favoring decisions on the merits, weighs against default judgment. In cases where the other *Eitel* factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

### 7.    Conclusion

The Court finds that the *Eitel* factors weigh in favor of default judgment with respect to some, but not all, of their claims. The motion for default judgment is GRANTED for Ms. Prakash Jones on her claims for breach of contract (Claim 1) and unpaid overtime wages under the FLSA (Claim 4), and is GRANTED for Mr. Rendziperis on his claim for breach of contract (Claim 2). The motion for default judgment is DENIED as to both Ms. Prakash Jones and Mr. Rendziperis on the claim for unpaid minimum wages under the FLSA (Claim 3).

## E.    Relief Requested

The Court next must consider the relief requested by Plaintiffs. Plaintiffs request damages and attorneys' fees.

### 1.    Damages

"Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages." *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015). "The

district court may determine the amount of damages without an evidentiary hearing where the amount claimed is a liquidated sum or capable of mathematical calculation." *Id.* (internal quotation marks and citation omitted).

### a.    Ms. Prakash Jones

Ms. Prakash Jones seeks contract damages in the amount of $224,499.72, comprising: (1) unpaid salary in the amount of $72,934.25, (2) unpaid bonuses in the amount of $141,562.50, (3) healthcare reimbursements in the amount of $9,863.97, and expense reimbursements in the amount of $139.00.  In support, Ms. Prakash Jones has submitted a copy of her employment contract and other documents, and has explained in her declaration how each component of her requested contract damages is calculated.  *See* Prakash Jones Decl. ¶¶ 1-33 & Exs. A-H.  The contract damages calculations are straightforward and well-supported and need not be addressed in further detail here.  She also seeks damages under the FLSA in the amount of $8,978.36, comprising (1) $4,489.18 in overtime pay and (2) an additional $4,489.18 in liquidated damages. Those damages also are well-supported as discussed above.

Ms. Prakash Jones will be awarded damages in the amount of $224,499.72 on her claim for breach of contract (Claim 1) and $8,978.36 on her claim for overtime wages under the FLSA (Claim 4), for total damages in the amount of $233,478.08.

### b.    Mr. Rendziperis

Mr. Rendziperis seeks contract damages in the amount of  $303,809.27, comprising: (1) unpaid salary in the amount of $200,795.36; (2) unpaid bonuses in the amount of $135,416.71; and (3) healthcare and expense reimbursements in the amount of $17,597.20; less (4) a deduction/credit for a one-time payment of $50,000 received from M+D.  In support, Mr. Rendziperis has submitted copies of his employment contracts and other documents, and explained in his declaration how each component of contract damages is calculated.  *See* Rendziperis Decl. ¶¶ 1-36 & Exs. A-F.  The contract damages calculations are straightforward and well-supported and need not be addressed in further detail here.

Mr. Rendziperis will be awarded damages in the amount of $303,809.27 on his claim for breach of contract (Claim 2).

United States District Court
Northern District of California

1

          **2.**      **Attorneys' Fees and Costs**

2

      Plaintiffs are represented by separate counsel, and each Plaintiff requests an award of

3

attorneys' fees and costs.  Ms. Prakash Jones seeks attorneys' fees and costs in the amount of

4

$48,995.79, while Mr. Rendziperis seeks attorneys' fees and costs in the amount of $42,521.25.

5

      The Supreme Court has explained that the "basic point of reference when considering the

6

award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays

7

his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  *Peter v.*

8

*Nantkwest, Inc.*, 589 U.S. 23, 28 (2019) (quotation marks and citation omitted).  In California,

9

attorneys' fees also may be recovered "as consequential damages in breach of contract actions

10

when those fees are foreseeable and proximately caused by the breach."  *Platte Anchor Bolt, Inc.*

11

*v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  It is undisputed that Plaintiffs'

12

employment contracts do not contain a fee-shifting provision.  However, Plaintiffs contend that

13

they may recover attorneys' fees under statute – the FLSA – and as consequential damages

14

flowing from Defendants' breach of contract.  The Court addresses those asserted bases for

15

recovery of attorneys' fees in reverse order.

16

          **a.**      **Consequential Contract Damages**

17

      The Ninth Circuit has recognized that some states permit the recovery of attorneys' fees

18

incurred in *another* action as consequential damages for breach of contract.  *See Microsoft Corp.*

19

*v. Motorola, Inc.*, 795 F.3d 1024, 1049 (9th Cir. 2015).  In *Microsoft*, the Ninth Circuit noted that

20

such fees "are thus distinct from the same-suit fees generally banned by the American rule."  *Id*.

21

Applying Washington state law, the *Microsoft* court found that attorneys' fees "incurred not in the

22

current breach of contract action but in defending against the injunctive action . . . triggered by the

23

contract-breaching conduct" could be characterized as recoverable consequential contract

24

damages.  *Id*.

25

      Plaintiffs cite *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048 (N.D. Cal. 2004),

26

and *De La Hoya v. Slim's Gun Shop*, 80 Cal. App. 3d Supp. 6 (1978), in arguing that California

27

law permits recovery of attorneys' fees *incurred in the breach of contact action* as consequential

28

contract damages.  Plaintiffs' reliance on *Platte* and *De La Hoya* is misplaced.  In *Platte*, a

subcontractor on a public bridge project was sued after several bolts used on the project broke upon installation. *See Platte*, 352 F. Supp. 2d at 1051. The subcontractor filed a cross-claim against the bolt supplier, asserting contract and negligence claims. *See id.* Applying California law, the district court held that the subcontractor could seek attorneys' fees incurred "in attempting to deflect liability for the defective product" as consequential damages flowing from the bolt supplier's alleged breach of contract. *See id.* at 1058. Nothing in *Platte* suggests that the subcontractor was permitted to seek same-suit attorneys' fees incurred in suing the bolt supplier as contract damages.

The *Platte* court relied on *De La Hoya*, in which a California appellate court found that "an innocent buyer of [a hand gun] which turns out to have been stolen can recover as damages, from a seller, attorney's fees incurred in defending himself against criminal charges arising out of possession of the stolen [hand gun]." *De La Hoya*, 80 Cal. App. 3d at 7. The *De La Hoya* court recognized the general rule that attorneys' fees incurred within the action itself generally may not be recovered as an element of damages, but determined that "attorney fees incurred in litigation with third parties may be recoverable as damages in an action for breach of contract." *Id*. at 10. Because its holding is limited to attorneys' fees incurred in litigation with third parties, and not in the action before the court, *De La Hoya* does not support Plaintiffs' position here.

The Court concludes that Plaintiffs may not recover the attorneys' fees incurred in this action as consequential damages flowing from the contracts upon which they are suing in this action.

### b. FLSA

In light of the foregoing, the Court finds that the only potential basis for an award of attorneys' fees is the FLSA, which provides in relevant part that, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Court first discusses Mr. Rendziperis' claim to attorneys' fees and costs under the FLSA, and then takes up Ms. Prakash Jones' claim.

United States District Court
Northern District of California

### i.  Mr. Rendziperis

As discussed above, Mr. Rendziperis is not entitled to default judgment on his claim for minimum wages under the FLSA (Claim 3).  Consequently, he cannot recover attorneys' fees under the FLSA.  Plaintiffs argue that even though they "do not seek damages for minimum wage violations, both Plaintiffs nevertheless have suffered the minimum wage violation" and thus are entitled to recover statutory attorneys' fees in connection with their minimum wage claim.  *See* Suppl. Br. at 3.  That argument is not well-taken.  The FLSA "make[s] fee awards mandatory for prevailing plaintiffs."  *Harris v. Advanced Care Internal Med. PLLC*, No. 21-15184, 2021 WL 5505412, at \*1 (9th Cir. Nov. 24, 2021) (quotation marks and citation omitted).  A prevailing plaintiff is one who has obtained some relief on the merits of the claim.  *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001).  Here, Plaintiffs did not obtain any relief on the merits of their minimum wage claim, and in fact expressly disclaimed any damages under that claim.

Because the FLSA is the only potential basis for an award of attorneys' fees in this case, and Mr. Rendziperis is not a prevailing party under the FLSA, his request for an award of attorneys' fees will be denied.

### ii.  Ms. Prakash Jones

Ms. Prakash Jones is entitled to default judgment on her claim for overtime wages under the FLSA (Claim 4), and therefore may recover statutory attorneys' fees and costs pursuant to that claim.  The Court "must calculate awards for attorneys' fees using the lodestar method, and the amount of that fee must be determined on the facts of each case."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quotation marks and citations omitted).  "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  (quotation marks and citation omitted).

Ms. Prakash Jones' request of attorneys' fees in the amount of $46,660 is supported by the declaration of her counsel, An Nguyen Ruda ("Ms. Ruda") of the firm Bartko LLP.  *See* Ruda Decl., ECF 26-5.  Ms. Ruda indicates that her firm spent 94.9 hours on this case, and the Court is satisfied that the billing records attached to Ms. Ruda's declaration establish that the Bartko firm

1    actually and reasonably expended the number of claimed hours.  *See id.* ¶¶ 7-11 & Exs. 1-2.  The

2    Court also finds that Ms. Ruda's hourly rate of $650 and the rates of other members of her firm

3    are reasonable.  *See, e.g., Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2022 WL

4    4371503, at *12 (N.D. Cal. Sept. 21, 2022) (finding $850 per hour to be a reasonable rate for

5    experienced wage and hour attorneys).  Finally, the Court finds Ms. Prakash Jones' request for

6    costs in the amount of $2,335.79 to be reasonable and supported by Ms. Ruda's declaration.  *See*

7    Ruda Decl. ¶ 11 & Exs. 1-2.  The Court therefore determines that the Ms. Prakash Jones

8    reasonably incurred the claimed attorneys' fees and costs in litigating this action.

9         Unfortunately, Ms. Prakash Jones has not apportioned her attorneys' fees and costs

10   between her claim for overtime pay under the FLSA (Claim 4), as to which fees and costs are

11   recoverable, and her claim for breach of contract (Claim 1), as to which fees and costs are not

12   recoverable.  Ms. Prakash Jones argues in the supplemental brief that her contract claim and FLSA

13   overtime are dependent on the same facts and thus are so intertwined that apportionment between

14   the two claims would be impossible.  She cites cases in which district courts applied that reasoning

15   either to award the entire amount of attorneys' fees incurred in the case, *see SAS v. Sawabeh Info.*

16   *Servs. Co.*, No. CV 11–04147 MMM (MANx), 2015 WL 12763541, at *15 (C.D. Cal. June 22,

17   2015), or to apply a modest 10% "haircut" to account for non-FLSA claims in the case, *see*

18   *Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249 (D. Nev. 2014), *aff'd*, 655 F. App'x 602

19   (9th Cir. 2016).

20        Unlike the courts in the cited cases, this Court is not persuaded that the work performed by

21   Ms. Prakash Jones' counsel consisted of tasks essential to both her contract and FLSA claims.  It

22   is clear from the briefing and the record evidence that Ms. Prakash Jones' contract claim is her

23   primary claim.  She will recover $224,499.72, on her claim for breach of contract, which is

24   twenty-five times the $8,978.36 that she will recover on her claim for overtime wages under the

25   FLSA.  Moreover, the FLSA issues were simple, common, and easily proved.  Under these

26   circumstances, the Court finds that an award of 20% of the $48,995.79 in attorneys' fees and costs

27   incurred by Ms. Prakash Jones is appropriate, and even generous, even taking into account the

28   overlap between the contract and FLSA claims.

United States District Court
Northern District of California

Ms. Prakash Jones' request for attorneys' fees and costs is GRANTED IN PART in the amount of $9,799.16.  Mr. Rendziperis' request for attorneys' fees and costs is DENIED.

**IV.    ORDER**

(1)    Plaintiffs' motion for default judgment is GRANTED IN PART AND DENIED IN PART, as follows:

(2)    Default judgment will be entered for Plaintiff Prakash Jones on Claims 1 and 4, against all Defendants jointly and severally, for damages in the amount of $233,478.08 and attorneys' fees and costs in the amount of $9,799.16.

(3)    Default judgment will be entered for Plaintiff Rendziperis on Claim 2, against all Defendants jointly and severally, for damages in the amount of $303,809.27.

(4)    Claims 3 is DISMISSED WITH PREJUDICE and Claims 5, 6, and 7 are DISMISSED WITHOUT PREJUDICE.

(5)    This order terminates ECF 26.

Dated:  October 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California